UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION,<br>A United States Government Agency<br><br>445 12th St. SW<br>Washington, D.C. 20024-2101<br><br>    Plaintiffs,<br>v.<br><br>JENSEN'S INCORPORATED,<br>as SPONSOR and ADMINISTRATOR of the<br>JENSEN'S INCORPORATED RETIREMENT<br>INCOME PLAN<br><br>715 West Jackson Street<br>Shelbyville, TN 37160<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.  22-61<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PENSION PLAN TERMINATION**

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") files this Complaint against the Defendant, Jensen's Incorporated ("Jensen's" or the "Company"), as plan sponsor and administrator of the Jensen's Incorporated Retirement Income Plan ("Pension Plan or Plan"), and states:

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 ("ERISA").

2. PBGC brings this action pursuant to 29 U.S.C. §§ 1342(a), 1342(c), and 1348, requesting an order (i) terminating the Pension Plan; (ii) appointing PBGC as the statutory trustee of the Pension Plan; (iii) establishing June 30, 2021, as the termination date of the Pension Plan; and (iv) directing Jensen's, its officers, directors, employees, agents, and any other

person or entity having possession, custody, or control of any of the Plan's records, assets, or other property to transfer, convey, and deliver all such items to PBGC, as statutory trustee, upon request pursuant to 29 U.S.C. § 1342(d)(1). Upon termination and trusteeship of the underfunded Plan, PBGC will use its insurance funds to pay pension benefits to the participants and beneficiaries in the Pension Plan, subject to ERISA's statutory limits.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1303(e)(3), 1342(c) and (f).

4. Venue is proper in this district pursuant to 29 U.S.C. §§ 1303(e)(2) and 1342(g). Defendant's principal place of business is located in Bedford County at 715 West Jackson Street, Shelbyville, Tennessee 37160.

## PARTIES

5. Plaintiff PBGC is a wholly owned United States government corporation established pursuant to 29 U.S.C. § 1302(a) to administer and enforce the defined benefit pension plan termination insurance program created by Title IV of ERISA. When an underfunded pension plan covered under Title IV terminates, PBGC pays statutorily guaranteed pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

6. Defendant, Jensen's, is a corporation organized under the laws of Ohio which operated from its principal place of business in Shelbyville, Tennessee. Upon information and belief, the Company manufactured pencils until it ceased operations at some point in 2019. The Company transferred its tangible property – but not the Pension Plan – to an asset purchaser in

2

June of 2021. PBGC became aware of Jensen's and potential issues with the Pension Plan in 2021.

## THE PENSION PLAN

7. The Pension Plan is a single-employer defined benefit plan and is covered under Title IV of ERISA. 29 U.S.C. §§ 1002(35), 1301(a)(15), 1321(a).

8. The Plan was established effective August 10, 1967. The Plan was amended and restated effective August 1, 2011.

9. Jensen's is the contributing sponsor of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13).

10. Jensen's is the administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1002(16) and 1301(a)(1).

11. The Pension Plan had twelve participants as of July 31, 2018, the participant count date cited in the last filing the Company made to PBGC.

## STATUTORY BACKGROUND

12. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings in the appropriate U.S. district court to terminate a defined benefit pension plan whenever PBGC determines, among other things, that such plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code, or that the plan will be unable to pay benefits when due. *See* 29 U.S.C. § 1342(a)(1), (2).

13. PBGC is also authorized by 29 U.S.C. § 1342 to commence proceedings in the appropriate U.S. district court to terminate a defined benefit pension plan whenever PBGC determines that such termination is necessary to protect the interests of the plan's participants. *See* 29 U.S.C. § 1342(c).

14. When an underfunded defined benefit pension plan terminates, PBGC typically becomes the statutory trustee of the plan and, subject to certain statutory limitations, uses PBGC's insurance funds to pay the plan's unfunded benefits. *See* 29 U.S.C. § 1322.

15. A district court may grant the relief sought and appoint PBGC as statutory trustee if termination is necessary to, among other things, protect the interests of plan participants. *See* 29 U.S.C. § 1342(c).

16. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a defined benefit pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of plan termination.

17. Pursuant to 29 U.S.C. § 1342(c), a trustee for a defined benefit pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a defined benefit pension plan in any case.

## CAUSE OF ACTION

18. PBGC has determined, pursuant to 29 U.S.C. § 1342(a)(1) and (a)(2), that the Pension Plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code and that the Plan will be unable to pay benefits when due. Upon information and belief, Jensen's has made no contributions to the Plan since 2018. As of June 30, 2021, the Pension Plan was underfunded by $131,594. Jensen's ceased all contact with the actuary previously retained to work with the Pension Plan in late 2019 or early 2020 and has taken no action to administer the Plan since that time.

19. PBGC has also determined, pursuant to 29 U.S.C. § 1342(c), that termination of the Pension Plan is necessary to protect the interests of the Plan's participants. Jensen's has

ceased operations and the Ohio and Tennessee Secretary of State websites, respectively, indicate the Company's status is "Cancelled," and "Inactive-Revoked."

20. On October 7, 2022, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to Jensen's, as plan administrator of the Pension Plan. The Notice states PBGC's determination that the Pension Plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code, that the Pension Plan will be unable to pay benefits when due, and that the Plan must be terminated to protect the interests of its participants. A copy of the Notice is attached as Exhibit 1.

21. PBGC requested that Jensen's execute an agreement terminating the Pension Plan, establishing the Pension Plan's termination date as June 30, 2021, and appointing PBGC as trustee of the Pension Plan under 29 U.S.C. § 1342(c). To date, Jensen's has not signed that agreement.

22. As of the filing of this Complaint, PBGC and Jensen's have not agreed on a date of plan termination.

23. June 30, 2021, should be established as the Pension Plan's termination date pursuant to 29 U.S.C. § 1348(a)(4). In June 2021, the Company executed an asset purchase agreement transferring its assets (excluding real property), to a purchaser who did not assume the Pension Plan. Due to a lack of communication from the Company and the limited information available, PBGC has not been able to identify the specific date on which Jensen's ceased operations. PBGC asserts that, by the date of the asset sale, any justifiable expectation of the Pension Plan's continuation on the part of Plan participants would be extinguished due to the Plan's abandonment by the Company.

24. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by

the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a plan in any case.

25. PBGC is ready, willing, and able to serve as the statutory trustee of the Pension Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, PBGC requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1. Adjudicating that the Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2. Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

3. Establishing June 30, 2021, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

4. Directing Jensen's and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

*[Page Left Intentionally Blank]*

5. Granting such other relief as the Court deems just and proper.

Dated: December 6, 2022  
Washington, D.C.

Respectfully submitted,

/s/ Sarah E. Meiman
KAREN MORRIS
General Counsel
KARTAR KHALSA
Deputy General Counsel
C. WAYNE OWEN, JR.
Assistant General Counsel
SARAH E. MEIMAN
Attorney (PA Bar No. 330444)
PENSION BENEFIT GUARANTY
CORPORATION
Office of the General Counsel
445 12th St. SW
Washington, D.C. 20024-2101
Telephone: (202) 229-6033
Emails: meiman.sarah@pbgc.gov *and*
efile@pbgc.gov

*Counsel for Plaintiff Pension Benefit Guaranty Corporation*

7

# EXHIBIT 1



445 12th Street SW
Washington, DC 20024-2101
202-229-4000
PBGC.gov

October 07, 2022

Mr. Aksel C. Jensen, IV
President
Jensen's Incorporated
304 Green Hills Dr.
Shelbyville, TN
37160-2252

EIN/PN: 62-0516846/001
PBGC Case Number: 24221300
Plan Name: Jensen's Incorporated Retirement Income Plan ("Plan")

### NOTICE OF DETERMINATION

PLEASE TAKE NOTICE that the Pension Benefit Guaranty Corporation ("PBGC") has determined under section 4042(a)(1) and (2) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1342(a)(1) and (2), that the Plan has not met the minimum funding standard required under section 412 of the Internal Revenue Code and will be unable to pay benefits when due. PBGC has further determined, under ERISA § 4042(c), 29 U.S.C. § 1342(c), that the Plan must be terminated to protect the interests of the Plan's participants. Accordingly, PBGC intends to proceed under ERISA § 4042, 29 U.S.C. § 1342, to have the Plan terminated and PBGC appointed as statutory trustee, and under ERISA § 4048, 29 U.S.C. § 1348, to have June 30, 2021, established as the Plan's termination date.

PBGC has completed its decision-making process in this matter; accordingly, this determination is effective on the date it is issued.

PENSION BENEFIT GUARANTY CORPORATION

*Andrea Schneider*

Andrea E. Schneider
Chairperson, Trusteeship Working Group