UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, ) | |
| ) | Case No. 4:22-cv-61 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| JENSEN'S INCORPORATED, as ) SPONSOR and ADMINISTRATOR of the ) JENSEN'S INCORPORATED ) RETIREMENT INCOME PLAN, ) ) | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pension Benefit Guaranty Corporation's ("PBGC") motion for default judgment against Defendant Jensen's Incorporated ("Jensen's") (Doc. 11). PBGC moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, seeking the following relief: (1) termination of Jensen's Incorporated Retirement Income Plan (the "Pension Plan") pursuant to 29 U.S.C. § 1342(c); (2) appointment of PBGC as statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(b); (3) established of June 30, 2021 as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4); and (d) an order to Jensen's and any other person or entity having possession, custody or control of any records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1). (Doc. 1, at 1–2.) For the reasons stated below, the Court **GRANTS** the motion (*id.*),

## I. BACKGROUND

Jensen's is a now-defunct pencil manufacturer with its former principal place of business in Shelbyville, Tennessee. (Doc. 1, at 2.) On August 10, 1967, Jensen's established the Pension Plan, a single-employer-defined-benefit pension plan under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301–1461 ("ERISA"), for the benefit of its employees. (*Id.* at 3.) As of July 31, 2018, the most recent participant count date on file with PBGC, the Pension Plan has twelve participants. (*Id.* at 3.)

PBGC is a wholly owned United States government corporation established for the purposes for administering and enforcing the defined-benefit-pension-plan-termination insurance program created by Title IV of ERISA. (*Id.* at 2.) Pursuant to its duties, PBGC is charged with paying out statutorily guaranteed pension-plan benefits to participants and their beneficiaries upon the termination of an underfunded pension plan covered under Title IV of ERISA. (*Id.*)

According to PBGC's investigation, Jensen's has made no contributions to the Pension Plan since 2018, and, as of June 30, 2021, was underfunded by $131,594. (*Id.* at 4.) Before the end of 2020, Jensen's apparently "ceased all contact" with the actuary it retained to manage the Pension Plan and "has taken no action to administrate the [Pension] Plan since that time." (*Id.*) Though PBGC is unsure of the exact date on which Jensen's ceased its operations, it represents that Jensen's "executed an asset purchase agreement" with "a purchaser who did not assume the Pension Plan" in June of 2021. (*Id.* at 5.)

In light of the apparent financial predicament of Jensen's, PBGC issued a Notice of Determination ("Notice"), informing Jensen's of the following findings: (1) the Pension Plan has failed to meet the legally-required minimum funding standard; (2) the Pension Plan will be unable to pay benefits to participants when due; and (3) the Pension Plan must be terminated to

protect the interests of its participants. (*Id.* at 5.) Though PBGC requested that Jensen's execute an agreement terminating the Pension Plan, establishing the Pension Plan's termination date for June 30, 2021,[1] and appointing PBGC the trustee of the Pension Plan, Jensen's never signed the agreement. (*Id.*)

On December 6, 2022, PBGC filed this action in this Court, requesting the following forms of relief pursuant to ERISA's provisions: (1) adjudicating that the Pension Plan is terminated; (2) appointing PBGC trustee of the Pension Plan; (3) establishing June 30, 2021, as the termination date of the Pension Plan; and (4) directing Jensen's and any other person having possession, custody, or control of any property of the Pension Plan to transfer that property to PBGC. (Doc. 1, at 6.)

PBGC properly served Jensen's on January 30, 2023. (Doc. 7, at 2.) Because Jensen's still had not filed a response or otherwise appeared in the action, PBGC applied for the clerk's entry of judgment. (Doc. 9.) On March 23, 2023, the clerk entered default against Jensen's (Doc. 10), and, a few weeks later, PBGC moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) (Doc. 11). To date, Jensen's has not made an appearance in this matter.

II. **STANDARD**

Applications for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. Following the Clerk's entry of default pursuant to Rule 55(a) and the plaintiff's application for default judgment under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding damages must be proven. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). The party seeking default judgment bears the

---

[1] PBGC estimated June 30, 2021, as the Pension Plan's termination date given Jensen's asset purchase agreement was executed in June of 2021. (Doc. 1, at 5.)

burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011).

## III. ANALYSIS

Because it has been determined that Jensen's is in default, as evidenced by the clerk's entry of default on March 23, 2023 (Doc. 10), the factual allegations of the complaint related to liability are deemed true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Bearing this in mind, the Court will evaluate each of PBGC's requests for relief in turn.

### A. Termination of the Penson Plan

PBGC first moves for termination of the Pension Plan. (Doc. 1, at 6.) Title IV of ERISA authorizes PBGC to commence court proceedings to terminate a pension plan upon determining that "the plan has not met the minimum funding standard required under section 412 of [the Internal Revenue Code]" or that "the plan will be unable to pay benefits when due." 29 U.S.C. § 1342(a)(1)–(2). Once an action has been brought, a district court may issue a "decree adjudicating that the plan must be terminated in order to protect the interests of the participants." *Id.* § 1342(c)(1).

According to PBGC, Jensen's has made no contributions to the Pension Plan since 2018, and was underfunded by $131,594 as of June 30, 2021. (Doc. 1, at 4.) As a result, PBGC determined that the Pension Plan failed to meet the statutorily designated minimum-funding standard and initiated the present proceeding. (*Id.*) Taking PBGC's factual allegations regarding liability as true, the Court finds the Pension Plan should be terminated in accordance with 29 U.S.C. § 1342(c). *See Pension Benefit Guar. Corp. v. Dimensional Lettering, Inc.*, No. 19-cv-744, 2020 WL 1325777, at *3 (E.D.N.Y. Feb. 3, 2020), report and recommendation adopted, No. 1:19-cv-744, 2020 WL 1433622 (E.D.N.Y. Mar. 9, 2020).

## B. Appointment of PBGC as Trustee

PBGC next requests that, pursuant to 29 U.S.C. § 1342(b), it be appointed to trustee of the Pension Plan. (Doc. 1, at 6.) According to that provision, the Court may appoint a trustee if doing so would better serve the interests of the plan participants. 29 U.S.C. § 1342(b)(2).

Here, PBGC avers that its appointment would best serve the interests of the Pension Plan's beneficiaries, noting that it "typically becomes the statutory trustee of [underfunded defined pension plans] and, subject to certain statutory limitations, uses [its] insurance funds the pay the plan's underfunded benefits." (Doc. 1, at 4.) PBGC also maintains it is "ready, willing, and able to serve as the statutory trustee of the Pension Plan." (*Id.* at 6.) Allegations of this kind are "sufficient to warrant PBGC's appointment as trustee." *Pension Benefit Guar. Corp. v. Booke & Co., Inc.*, No. 18-cv-1409, 2019 WL 192245, at *2 (S.D.N.Y. Jan. 15, 2019); *see also Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 637 (1990) ("When a plan covered under Title IV terminates with insufficient assets to satisfy its pension obligations to the employees, [] PBGC becomes trustee of the plan, taking over the plan's assets and liabilities."). Therefore, the Court finds PBGC should be appointed trustee of the Pension Plan in this case.

## C. Designation of Termination Date

PBGC also requests that the Court establish June 30, 2021, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a). (Doc. 1, at 6.) According to that provision, a pension plan's termination date is ordinarily "established by the plan administrator and agreed to by the corporation[.]" 29 U.S.C. § 1348(a)(3). But in the absence of such an agreement, "the date [is] established by the court." *Id.* § 1348(a)(3)–(4). When setting a termination date, the Sixth Circuit advises courts to consider two factors: "the expectations of the participants and the

financial implications of the termination for PBGC." *Pension Ben. Guar. Corp. v. Republic Techs. Int'l*, 386 F.3d 659, 665 (6th Cir. 2004) (citations omitted).

Because Jensen's failed to execute an agreement setting a termination date, the Court is now tasked with determining an appropriate date. (Doc. 1, at 5.) PBGC asserts that June 30, 2021, should be established as the Pension Plan's termination date because, though it is unable "to identify the specific date on which Jensen's ceased operations[,]" in June of 2021, Jensen's executed an asset-purchase agreement, transferring its assets to a buyer who did not assume the Pension Plan. (*Id.*) By the date of the sale, PBGC represents, "any justifiable expectation of the Pension Plan's continuation on the part of the [Pension] Plan participants would be distinguished due to the Plan's abandonment by [Jensen's]." (*Id.*) And, because PBGC proposed June 30, 2021, as a termination date, the Court is "entitled to conclude that [the chosen date] adequately serves the interests of PBGC." *In re Pension Plan for Emps. of Broadway Maint. Corp.*, 707 F.2d 647, 653 (2d Cir. 1983). Because the proposed date appears to honor the expectations of both the Pension Plan's beneficiaries and PBGC, the Court finds that the termination date should be designated as June 30, 2021.

**D.     Order to Transfer Plan Assets to PBGC as Trustee**

Finally, PBGC requests that, pursuant to 29 U.S.C. § 1342(d)(1), Jensen's and any other person or entity in control of the Pension Plan's property transfer said property to PBGC as statutory trustee. (Doc. 1, at 6.) That provision empowers a plan trustee to "require the transfer of all (or any part) of the assets and records of the plan to [itself] as trustee[.]" 29 U.S.C. § 1348(d)(1)(A)(ii). Because the Court agrees PBGC should be appointed trustee of the Pension Plan pursuant to § 1342(c)(1), it will also grant its request to transfer the Pension Plan's property and records to it.

6

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** PBGC's motion for default judgment (Doc. 11), and **ORDERS** the following:

a.  The Pension Plan is **TERMINATED** pursuant to 29 U.S.C. § 142(c);

b.  PBGC is **APPOINTED** statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(b);

c.  June 30, 2021, is **ESTABLISHED** as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4); and

d.  Jensen's and any other person having possession, custody, or control of any property of the Pension Plan are **DIRECTED** to transfer that property to PBGC as statutory trustee of the Pension Plan upon request pursuant to 29 U.S.C. § 1342(d)(1)(A)(ii).

**AN APPROPRAITE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**